UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FIRST HOME BANK,

    Plaintiff,

v.                                              CASE NO. 8:17-cv-1775-T-23TGW

MOJO SPORTS LLC and
RANDALL WADE BREWER,

    Defendants.
_____/

**<u>ORDER</u>**

       In December 2015 First Home Bank lent $350,000 to Mojo Sports, and Randall Wade Brewer guaranteed the loan. In July 2017 Mojo Sports defaulted, Brewer failed to pay the debt, and First Home Bank accelerated the balance of the loan. First Home Bank sues (Doc. 1) Mojo Sports for breach of the promissory note and sues Brewer for breach of the guaranty. In accord with Section 702.015, Florida Statutes, First Home Bank remitted the promissory note to the clerk. On September 6, 2017, the clerk entered a default (Docs. 10 and 11) against each defendant. First Home Bank moves (Doc. 14) for a default judgment against Mojo Sports.

       By defaulting, a defendant admits a well-pleaded fact. *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Mojo Sports admits borrowing the money, Brewer admits guaranteeing the debt, and both defendants

admit failing to pay the debt.  (Doc. 1 at 2–12)  The promissory note permits acceleration.  (Doc. 1-1 at 3)  Because the well-pleaded facts show Mojo Sports' breach of the promissory note, the motion (Doc. 14) for a default judgment is **GRANTED**.  No later than **OCTOBER 27, 2017**, First Home Bank must submit an affidavit that displays the total (including interest) owed by Mojo Sports.[*]  If First Home Bank intends that the judgment include the interest that accrues between the submission of the affidavit and the entry of judgment, the affidavit must display the daily rate of pre-judgment accrual.  After First Home Bank submits the affidavit, an order will direct the clerk to enter judgment and to cancel the promissory note.  The duplicative motion (Doc. 12) for a default judgment against Mojo Sports is **DENIED AS MOOT**.

    ORDERED in Tampa, Florida, on October 20, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] Also, First Home Bank submits a suggestion of Brewer's bankruptcy (Doc. 15) and observes that 11 U.S.C. § 362 likely automatically stays the claims against Brewer. Section 362 prohibits continuing an action that "was or could have been commenced before the" beginning of the bankruptcy action. Although Brewer petitioned for bankruptcy on August 16, 2017 (several weeks after First Home Bank demanded that Brewer satisfy the guaranty), neither a motion for leave to amend the complaint to omit the claims against Brewer nor a motion to stay the claims against Brewer appears.